

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN


ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable E. S. Foreman
County Auditor
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion Number 0-1366
Re: Relation of H. B. 688, 46th
Leg.; R.S., to H.B. 9, 43rd Leg.,
4th C.S., 1934.

You have requested our opinion as to whether or not Jefferson County will be entitled to receive the benefits outlined in House Bill 688, passed by the Forty-sixth Legislature, 1939, in view of the provisions contained in House Bill 9 passed by the Forty-third Legislature, Fourth Called Session, 1934, with particular reference to Section 5 thereof.

House Bill 9 of the 43rd Legislature was a special act authorizing Jefferson County to construct a free bridge, and approaches thereto, across the Neces River between Jefferson and Orange counties on State Highway #87. The provision to which you refer, and upon which you request our opinion, is as follows:

"Section 5. No loan or grant which may be obtained under the provisions of this Act for the construction of such bridge and approaches thereto shall be, or become, a debt against the State of Texas, or against the State Highway Commission, but the said bonds which may be voted and issued by said county under the provisions of this Act shall constitute the debt and obligation solely of Jefferson County. It is hereby declared to be the legislative that the bonds issued by Jefferson County as provided herein shall not be assumed by or paid off by the Board of County and Road District Bond Indebtedness, or out of any funds used by said Board to retire County and Road District bonds."

It is to be noted that House Bill 688 passed by the Forty-sixth Legislature is a general law as contrasted with House Bill 9 of the forty-third Legislature, 4th Called Session, which was a special law. Nowhere in House Bill 688 do we find any language which either expressly or impliedly repeals the prior Act under which Jefferson County was authorized to construct the bridge across the Neches River. In order to determine the proper answer to your question, and we think upon that determination depends the right of Jefferson County to participate in the benefits of House Bill 688, we must conclude whether or not a general law enacted subsequent to a special law will operate as a repeal of said special law passed prior thereto.

We think unquestionably that the weight of authority holds that a general law will not be construed to repeal a special law on the same subject, and as was stated in the case of Paul v. State, 106 S.W. 448, a special statute is not repealed by a general statute unless the intent to repeal is manifest. This rule was more fully discussed in the case of Andrews v. City of Beaumont, 113 S.W. 614, wherein the court held that special legislation or local laws are not repealed by a later general act, unless specially mentioned therein or unless such purpose is made manifest from the plain provisions of the general law. We find the language of the court much stronger in the case of Sullivan v. City of Galveston, 17 S.W. (2d) 478, affirmed by the Commission of Appeals in 1931, 34 S.W. (2d) 808, wherein the court said:

"A special law is not repealed by subsequent acts passed by another Legislature unless expressly so stated or clearly intended."

Other cases to the same affect are Ellis v. Batts, 26 Tex. 703; Ex parte Neal, 83 S.W. 831; Ex parte Kimbrell, 83 S.W. 382; Steinhagen v. Eastham, 233 S.W. 660, affirmed in 243 S.W. 457, Burkhart v. Brazos River Harbor Navigation District of Brazoria County, 42 S.W. (2d) 96.

In Section 13 of House Bill 688 it is provided:

"This Act shall be cumulative of all other valid laws on the subject, but in the event of a conflict any provision of this Act and any other Act, the provisions of this Act shall prevail."

We do not find any conflict between the two Acts under consideration, nor do we find any of the provisions of either act repugnant to each other, and in the language of the Court of Civil Appeals in the case of St. Louis B&M Railway Co. v. Marcofich, 221 S.W. 582, affirmed in 185 S.W. 51, the court states, in part:

"When a later Act is silent as to an older law, the presumption is that its continued operation was intended unless they present a contradiction so positive that the purpose to repeal is manifest."

Having reached the conclusion that no conflict exists between the two Acts herein considered, and that the language of House Bill 688 cannot be interpreted to effect a repeal of the prior law, we are of the opinion that Jefferson County is not entitled to receive the benefits outlined in House Bill 688, 46th Legislature, R.S. 1939.

Very truly yours

CEC-s:egw

ATTORNEY GENERAL OF TEXAS

APPROVED NOV 1, 1939
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS
APPROVED:
Opinion Committee, By B W B Chairman

By  /s/ Clarence E. Crowe
Clarence E. Crowe
Assistant